The Honorable Buddy Lovell State Representative 201 West Riverside Marked Tree, Arkansas 72365
Dear Representative Lovell:
I am writing in response to your request for an opinion concerning the respective duties and obligations of a local City Attorney/Chief Deputy Prosecutor and the local District Judge whom he is opposing in an upcoming runoff election. Specifically, you have enclosed a letter from the local Chief Deputy Prosecuting Attorney, who also serves as City Attorney for two local municipalities within the judicial district. He is also a candidate for district judge, opposing the incumbent district judge. The letter states that for over a year the Chief Deputy Prosecuting Attorney has, at the request of the judge, been "review[ing] Affidavits for Warrants for Arrest prior to their being sent to the Judge for ultimate decision on whether to charge or not." He states that now, the incumbent district judge will not sign a warrant if he is the city attorney or prosecutor who reviewed it. The Chief Deputy Prosecutor also states that he intends to resume his duties as City Attorney and prosecutor in one particular town within the district, after having someone else fill in for the last few months before the May election. He poses several questions relating to these facts, including, with regard to the warrant review:
 1. . . .whether the Prosecutors or City Attorneys are even obligated to do this [warrant] review and recommendation as to charges?
 2. . . . whether this is a conflict?
 3. . . . if it is a conflict [whether] the Judge [can] force [the chief deputy] not to do his job in reviewing affidavits in County/State matters or City matters or [whether the judge] should recuse? *Page 2 
He also inquires, with regard to the resumption of his duties as City Attorney in one city:
 1. [W]hether or not the judge must recuse or whether he can hold court and force another City Attorney/Prosecutor to try the cases?
RESPONSE
I must decline to issue an opinion on these questions, which in my judgment are within the jurisdiction of the Judicial Ethics Advisory Committee. See "Procedural Rules For the Arkansas Judicial Ethics Advisory Committee." That Committee has issued opinions on similar topics in the past. See, e.g., JEAC Ops. 94-07 and 94-02, available atwww.arkansas.gov/jeac. Answers to the questions posed should thus be presented to the Committee, through the Judicial Discipline and Disability Commission.
Sincerely,
DUSTIN McDANIEL Attorney General